

FILED
SUPERIOR COURT
GUAM

2014 MAR 21 PM 12: 54

CLERK OF COURT
BY: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| HARRY RAY SPEICHER,<br><br>                      Plaintiff,<br><br>      v.<br><br>VICTORIA LIN SPEICHER,<br><br>                   Defendant. | DOMESTIC CASE NO. DM 0360-12<br><br><br>**DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

### INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on a Judgment issued by the Supreme Court the 3rd day of July, 2014, and associated Mandate issued on the 25th day of July, 2014, vacating and remanding the prior Order of Dismissal. Attorney Ronald P. Moroni is the attorney of record for the Plaintiff, and Attorney Seaton M. Woodley, III, is the attorney of record for the Defendant. For the reasons set forth below, the Defendant's Motion to Dismiss is GRANTED.

### FACTUAL AND PROCEDURAL HISTORY

On February 27, 2012, Victoria Lin Speicher, the Defendant in this action, filed a Complaint for Divorce in the Family Court of the Third Circuit in the State of Hawaii, where she and the Plaintiff own a home. A summons to Harry Ray Speicher was issued the same day. Victoria claims that at the time she believed the divorce to be uncontested.

On May 24, 2012, Harry Ray Speicher filed a Complaint for Divorce in the Superior Court of Guam, on the grounds of irreconcilable differences. Victoria was personally served the Complaint, Summons, and Verification on June 12, 2012. She moved to dismiss the action on August 3, 2012, arguing that the Superior Court lacked subject-matter and personal jurisdiction, that she did not reside on Guam and lacked sufficient minimum contacts with Guam, that it was an inconvenient forum for her to litigate in, and that her Complaint in Hawaii had been filed first.

The Plaintiff filed an Opposition to the Motion to Dismiss on August 17, 2014, and followed that with a Declaration on August 23, 2013. He admitted that the Defendant did not have significant contacts with Guam, but maintained that he, the Plaintiff, was a resident of Guam, and had resided in Guam since January 2011, and thus the Court could exercise jurisdiction over the *res* of the marriage even if it lacked personal jurisdiction over the Defendant. In his Declaration, the Plaintiff maintained that he had no knowledge of the Defendant's filing of her own Complaint for Divorce until after the Plaintiff had filed in Guam, though he admits that the Defendant sent him unfiled divorce papers for an uncontested divorce, and that he refused to sign them.

On August 21, the Defendant filed a Response to the Opposition, in which she re-emphasized forum non conveniens and the 'first to file' rule. Attached to the Response were two emails between the parties sent April 26 and 27, 2012, and the Defendant argued that the emails showed that the Plaintiff had knowledge of the Hawaii divorce proceeding, notwithstanding the lack of formal service of process.

The Court heard oral argument on the Motion on August 31, 2012. It ruled from the bench that in the interest of justice, the court should not exercise jurisdiction over the divorce

proceedings, considering that the court in Hawaii was in a better position to do so. Following that, on September 13, 2012, the Court signed an Order prepared by the Defendant's counsel, which stated that Guam was not a convenient forum for the adjudication of the divorce, and thus dismissing the plaintiff's action on the grounds of forum non conveniens. The Plaintiff filed a timely appeal to the Supreme Court of Guam.

On July 3, 2013, the Supreme Court issued a Judgment vacating and remanding this Court's order. In its Opinion, the Supreme Court stressed that this Court had not conducted a balancing analysis of the factors weighing for or against dismissal for either of the doctrines of forum non conveniens or comity. The Supreme Court also held that even though this Court lacked personal jurisdiction over the Defendant and thus could not adjudicate the Defendant's property interests on Hawaii, it could still permissibly exercise jurisdiction over the divorce proceeding and grant the dissolution of marriage. On remand, the Supreme Court left it to the discretion of this Court whether to exercise jurisdiction, upon weighing the factors under the doctrines of forum non conveniens and comity.

## DISCUSSION

### I. Jurisdiction

This Court has subject-matter jurisdiction under 7 GCA § 4101, the statute establishing the Superior Court of Guam, and 19 GCA § 8318(a), the residency requirement for divorces on Guam. Section § 8318(a) reads:

> A divorce or dissolution of marriage may be granted if one (1) of the parties has been a resident of Guam for at least ninety (90) days immediately preceding the filing of a complaint for divorce, or dissolution of marriage. For purposes of this Section, a person shall be deemed a resident if one (1) of the parties has been assigned with the U.S. Military to a unit on Guam or a ship home-ported in Guam for at least ninety (90) days immediately preceding the filing of a complaint for divorce or dissolution of marriage or if one (1) of the parties is physically present in Guam for at least ninety (90) days immediately preceding the filing of a

complaint for divorce or dissolution of marriage. Physical presence by one of the parties in Guam for a period of ninety (90) days prior to filing of the action for divorce or dissolution of marriage shall give rise to a conclusive presumption of compliance with this Section.

19 GCA § 8318(a) (2005).

Mr. Speicher has declared, under penalty of perjury, that he has resided upon Guam since January 2011. He also submitted supporting documentation to support his declaration, including a lease agreement, business license, and driver's license. The Court finds that Mr. Speicher has been a resident of Guam for at least ninety days immediately preceding filing of the complaint for divorce, and thus the requirement of § 8318(a) is met.

Guam's long-arm statute authorizes the Superior Court of Guam to exercise personal jurisdiction "on any basis not inconsistent with the Organic Act or the Constitution of the United States." 7 GCA § 14109 (2005). Under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, courts may only exercise personal jurisdiction over the defendant if the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *PCI Commc'ns Inc. v. GST Pacwest Telecom Haw., Inc.*, 1999 Guam 17 ¶ 17 (alteration in original) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Because Guam's long-arm statute reaches as far as the federal Constitution allows, "[A] court analyzing personal jurisdiction under Guam's long-arm statute, simultaneously analyzes the issue of constitutional due process." *Banes v. Superior Court*, 2012 Guam 11 ¶ 17.

Analyzing minimum contacts under *International Shoe Co.* requires a factual basis, and thus some limited discovery may be appropriate. The Court did not previously

conduct discovery or make a formal finding determining whether Mrs. Speicher had or lacked the minimum contacts with Guam necessary to allow the Court to exercise personal jurisdiction over her. However, this question has been resolved by the Supreme Court on Mr. Speicher's appeal: "Victoria [Speicher] clearly has no contacts with the forum as she has never resided, worked in, or visited Guam; therefore, the trial court did not have personal jurisdiction over her." As this is now law of the case, the question is foreclosed to this Court, to wit: "A court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *People v. Hualde*, 1999 Guam 3 ¶ 13 (citation omitted).

Yet even though this Court lacks personal jurisdiction over Victoria Speicher, it is not foreclosed from adjudicating the dissolution aspect of Mr. Speicher's Complaint for Divorce. "Divisible divorce is based on the principle under which 'financial responsibility and marital status may be separately litigated at different times and in different forums.'" *Speicher v. Speicher*, 2013 Guam 11 ¶ 17 (quoting *In re Marriage of Gray*, 251 Cal. Rptr. 846, 850 (Ct. App. 1988). The Full Faith and Credit Clause of the federal Constitution requires recognition of the divorce decree notwithstanding the lack of jurisdiction over the property matters of at least one of the married spouses. *See id.* The Superior Court of Guam has jurisdiction to adjudicate the Plaintiff's Complaint for Divorce despite its lack of personal jurisdiction over the Defendant, and thus its inability to adjudicate the property interests of the parties.

## II. Forum Non Conveniens

At its hearing on August 31, 2012, and as expressed in writing in its Order of Dismissal of Septermber 13, 2012, the Court found that Guam was not a convenient forum for the

adjudication of the parties' divorce. The Supreme Court vacated and remanded due to this Court not undertaking an analysis and balancing of the factors in favor of and against a grant of dismissal on grounds of forum non conveniens or comity. *See Speicher v. Speicher*, 2013 Guam 11 ¶¶ 10-15, 21-23. "Where the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, the decision may only be reversed when there has been a clear abuse of discretion." *PCI Commc'ns, Inc. v. GST Pacwest Telecom Haw., Inc.*, 1999 Guam 17 ¶ 40 (citing Creative Tech., Ltd. v. Azteh Sys. Pte, Ltd, 61 F.3d 696, 699 (9th Cir. 1995)). Because this Court did not analyze the relevant private factors in its hearing or Order of Dismissal, the Supreme Court vacated its opinion as an abuse of discretion. *See Speicher v. Speicher*, 2013 Guam 11 ¶ 24. Furthermore, the Supreme Court quoted *Walter Fuller Aircraft Sales, Inc., v. Republic of the Philipines*, thus: "The decision [regarding the grant or denial of the motion to dismiss on the grounds of forum non conveniens] involves the weighing of a mix of private and public interests, keeping in mind that the plaintiff's choice of forum is usually to be respected." *Walter Fuller Aircraft Sales, Inc., v. Republic of the Philippines*, 965 F.2d 1375, 1389 (5th Cir. 1992).

In *PCI Commc'ns*, the Supreme Court looked to the case *Gulf Oil Corp. v. Gilbert*, where the U.S. Supreme Court listed the following private factors to consider when weighing a motion to dismiss for forum non conveniens:

> An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to

his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.

*Gulf Oil Corp. v. Gilbert*, 303 U.S. 501, 508 (1947).

And when it discussed the public factors, the U.S. Supreme Court wrote:

Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation…There is a local interest in having localized controversies decided at home.

*Id.* at 508-9.

Undoubtedly, Mr. Speicher has a private interest in litigating the divorce on Guam, where he now resides. But Mrs. Speicher has an opposite interest in having the case litigated on Hawaii. Moreover, Mrs. Speicher has declared that litigation in Guam would be a great financial hardship to her. Defendant's Declaration at ¶ 4. She also declared that because she has the care of her elderly parents, who suffer from dementia, she is unable to travel to Guam to litigate here. Defendant's Declaration at ¶ 7. Mr. Speicher, on the other hand, has not declared that litigation in Hawaii would be a hardship for him, and up to April 17, 2012 appeared to accept the prospect of a Hawaiian court exercising jurisdiction. Defendant's Response to Opposition, Exhibit A. If either party has to travel to conduct litigation, the prospect appears to burden Victoria more than it does Harry. In the terms of *Gulf Oil Corp.*, while the Court does not definitively rule that it was Harry's intent to "vex, harass, or oppress" Victoria by filing a parallel suit in Guam, surely Harry's "own right to pursue his remedy" would not be eliminated by litigation in Hawaii, especially since the only remedy this Court has jurisdiction to provide is a dissolution of marriage, which may be accomplished by litigating in Hawaii as well as by litigating in Guam. Moreover, any other persons who may have to be deposed or testify are on

Hawaii, where Harry and Victoria lived before their separation, and not on Guam, where Harry moved after the separation. Any physical evidence that might need to be considered is likewise located on Hawaii. The litigation would be more "easy, expeditious and inexpensive," if it took place on Hawaii, and not on Guam.

With regard to public interest factors, the Supreme Court notes that "States have a strong public policy interest in the marital status of persons domiciled in their jurisdiction." *Speicher v. Speicher*, 2013 Guam 11 ¶ 19 (citations omitted). Further, "The power to prevent a final dissolution should be used only when necessary to preserve the authority of the court." *Id.* at ¶ 19 (citations omitted). The Supreme Court noted that this Court has the power to dissolve the Speicher marriage, even if the property and support issues are litigated in Hawaii. *Id.* at ¶ 19. If this Court hears the case, and finds the statutory requirements for granting dissolution on the basis of irreconcilable differences are met, it does not have the discretion to deny the dissolution.

But the Supreme Court also wrote that this Court has discretion, not about whether or not to grant a decree of dissolution if the statute's requirements are met, but about whether to hear the case in the first place. *See Id.* at ¶ 23. In that light, Guam's public policy interest in the status of the Speicher marriage is one point in favor of hearing the case. But Hawaii has an equal public policy interest in the marital status of its resident, Victoria Speicher. A decree of divorce by either a Guam court or a Hawaii court would, under the Full Faith and Credit Clause, bind the other court to the result of the determination, possibly in contravention of the other jurisdiction's public policy interest. This is not an unequivocal reason to take up jurisdiction.

Moreover, looking again at the *Gulf Oil Corp.* factors, taking jurisdiction of this case would surely create "administrative difficulties" by "piling up litigation" in Guam, somewhere

the litigation did not originate, rather than in Hawaii, where it did. Whether or not to grant a dissolution decree is not a decision subject to a jury verdict, but the basic concern for efficiency is also relevant to bench trials. While "there is a local interest in having localized controversies decided at home," this divorce is not, at its essence, a Guam controversy. It is a Hawaii controversy in which one of the parties has moved to Guam. The "local interest" where the controversy arose, in this case, points to it being decided in Hawaii.

The U.S. Supreme Court has stated "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp. v. Gilbert*, 303 U.S. 501, 508 (1947). But looking at and balancing the relevant private and public interest factors here, the Court finds that the balance in this case *is* strongly in favor of the defendant. Thus, the Court finds that Guam is not a convenient forum for this divorce litigation, even when the litigation is limited to the issue of marital status and excludes issues of property and support.

## III. Comity

The Supreme Court also directs this Court to address the question of comity. Whether between federal district courts or between different jurisdictions, a rule of thumb for comity, the 'first to file' rule, "normally serves the purpose of promoting efficiency well and should not be disregarded lightly." *Church of Scientology of Cal. v. U.S. Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979) (for the federal courts); *see also Simmons v. Superior Court*, 214 P.2d 844 (Cal. Dist. Ct. App. 1950) (between two U.S. states). Though called a rule, the 'first to file' rule is not hard and fast, but rather is a general guideline that allows for discretion not to hear a suit, when that exercise of discretion would provide for the most efficient resolution of disputes. The Supreme Court indicates its intent by quoting *Simmons*, in which the court phrased the issue thus: "[T]he court in which the second action is brought *may in its discretion* stay or suspend

that suit, awaiting decision in the first one, or, influenced by a spirit of comity, may refuse to entertain it, if the same relief can be awarded in the prior suit." *Simmons* at 848 (emphasis added by the Supreme Court) (citation and internal quotation remarks removed). The *Simmons* court also wrote the following:

> The rule which forbids a later action in the same state between the same parties involving the same subject matter rests upon principles of wisdom and justice, to prevent vexation, oppression and harassment, to prevent unnecessary litigation, to prevent a multiplicity of suits,--in short, to prevent two actions between the same parties involving the same subject matter from proceeding independently of each other. We think there is no distinction in reason or difference in principle between a case where a later action between the same parties involving the same subject matter is commenced in the same state and a case where a later action between the same parties involving the same subject matter is commenced in another state.

*Id.* at 850.

The Supreme Court also found fit to quote *Leadford v. Leadford* on the circumstances when comity interests weigh against exercising jurisdiction:

> In many cases, considerations of comity and the prevention of multiple and vexatious litigation will most often militate in favor of stay. However, other factors weigh in the balance, and where judicial economy, the interests of the forum, and the convenience of the parties weigh in favor of allowing the action to proceed, the trial court has discretion to deny the stay.

*Leadford v. Leadford*, Cal. Rptr. 2d 9, 12 (Ct. App. 1992) (citation omitted).

The *Simmons* court stressed that dismissal on the basis of comity was only appropriate "if the same relief can be awarded in the prior suit." *Simmons* at 848. It is far from this Court's intention to deny Mr. Speicher access to any substantive remedy this suit may furnish him. But as established above, the relief this Court may provide is limited to dissolution of his marriage. That same relief can also be provided in Hawaii, which may also settle the questions of property and spousal support.

So the reason not to dismiss a lawsuit on comity grounds, that it will destroy a party's substantive right to a remedy, is not applicable. But the prudential reasons to dismiss the suit *are* applicable. The suit the Plaintiff has filed is precisely a "later action between the same parties involving the same subject matter." *Id.* at 848. The suit in Guam may possibly resolve the marital status question, if the merits are reached here before they are in Mrs. Speicher's Hawaii suit. But even if that is the case, litigation in Hawaii will have to go forward anyway, as only it may resolve the disputes over property and support. As a result, the Plaintiff's Guam action is "unnecessary litigation" that has caused "a multiplicity of suits," *Id.* at 848. And as argued above in the section on forum non conveniens, Guam's interest in this dispute is lesser, not greater, than Hawaii's, and the convenience of the parties weighs in favor of the litigation occurring in Hawaii, not in Guam. All of this is in accordance with the 'first to file' general rule

*Church of Scientology of Cal.*, however, provides an exception to the general rule. In that case, the court declined to follow the first-to-file rule, on grounds that "[the court could not] now say that efficiency demands that we remand to the district court below." *Church of Scientology of Cal. v. U.S. Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979).

In the present divorce dispute between Harry and Victoria Speicher, the litigation in Guam has proceeded to a successful motion to dismiss, and a successful appeal and remand. But little has been filed, nor additional work done, save the initial complaint arguments for and against the dispositive motion, and related documentation. In particular, no discovery nor bench trial has taken place, with no depositions having been conducted in Hawaii, nor any witness having to fly from Hawaii to Guam in order to testify. It would serve the interest in judicial economy to avoid having to duplicate the expense and effort that must occur in Hawaii regardless. As a result, this case is not analogous to *Church of Scientology of Cal.* Here, the

general rule, favoring dismissal on comity grounds of a second-filed suit that duplicates the first-filed suit, is appropriate to the Speicher divorce, and the exception is inappropriate. The comity interest in an efficient inter-state judicial system, as expressed in the 'first to file' rule, militates in favor of the dismissal of this lawsuit.

## CONCLUSION

For the reasons set forth above, the Defendant's Motion to Dismiss is GRANTED.

IT IS SO ORDERED this day of MAR 2 1 2014          .

HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**
I acknowledge that a copy the original hereto was placed in the court box of:
W. FOLE,
S. WOODLEY & DMR
Date: 3/21/14 Time: 1pm

Deputy Clerk, Superior Court of Guam